# Elk Tanning Company, Appellant, *v.* Brennan.

*Trial—Inconsistent instructions—Timber—Wrongful cutting of timber.*

In an action of trespass to recover damages for the wrongful cutting of timber, a judgment for defendant will be reversed where it appears that the trial judge, after having correctly charged that the plaintiff was entitled to recover, concludes his charge as follows : " If you should render a verdict for the plaintiff, you render a verdict in a gross sum for so much damages. If, however, under the evidence you render a verdict for the defendant, you render a general verdict for the defendant."

Argued May 5, 1902.    Appeal, No. 173, Jan. T., 1901, by plaintiff, from judgment of C. P. Elk Co., Oct. T., 1899, No. 44, on verdict for defendant in case of Elk Tanning Company v. J. Henry Brennan. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ.   Reversed.

Trespass to recover damages for the wrongful cutting of timber.   Before Mayer, P. J.

The opinion of the Supreme Court states the case.

Judgment and verdict for defendant.   Plaintiff appealed.

*Error assigned* was the concluding portion of the charge quoted in the opinion of the Supreme Court.

*Thomas H. Murray*, with him *C. H. McCauley* and *Allinson O. Smith*, for appellant.

*Harry Alvan Hall*, for appellee.

Opinion by Mr. Justice Mestrezat, June 4, 1902 :

As stated in the printed brief of the appellant, " the complaint here is that while the plaintiff was, in any event, entitled to damages for the trees cut, and the court so instructed the jury in answer to our second point and in portions of the general charge, yet in the portions of the charge assigned for error, the question of any liability was submitted to the jury." These " inconsistent and contradictory instructions " of the court are the only errors assigned and raise the single question for consideration here.

The learned judge charged that "if, however, the jury believe from the testimony that Brennan, under the direction of the superintendent of the tanning company, cut this timber, while he would not be liable to the penal consequences of the act of 1824, he would still be liable to pay for the actual value of the trees cut down, whatever the value may be as shown by the testimony." The court affirmed the plaintiff's second point that "even if the defendant was misled by the acts of the plaintiff, as claimed, still plaintiff is entitled to recover for the actual value of the trees cut, and the verdict must be for the plaintiff for the value thereof." In his answer to the defendant's fourth point the court said that if the defendant was misled, it would not preclude the plaintiff from recovering the actual value of the trees cut down, and that "if the plaintiff is entitled to recover, it is entitled to recover for the value of the 463,803 feet, whatever the jury find from the testimony the value of the timber to be." Notwithstanding these positive instructions to the jury that the plaintiff was entitled to recover the value of the trees cut by the defendant, the learned judge concluded his charge with this language: "If you should render a verdict for the plaintiff you render a verdict in a gross sum for so much damages. If, however, under the evidence you render a verdict for the defendant, you render a general verdict for the defendant." The verdict was for the defendant.

The latter part of the learned judge's charge to the jury was clearly erroneous, if he was correct in holding, as he did, that the plaintiff company was entitled to recover for the injuries it had sustained. After the court had determined that the plaintiff was entitled to a verdict, its only remaining duty was to instruct the jury as to the proper measure of damages. The intimation to the jury in the last paragraph of the charge that under the evidence they could find for the defendant, gave them an opportunity, which they readily embraced, to do what in effect the learned judge had repeatedly told them they could not do. This part of the instructions was clearly inconsistent with the other parts of the charge, and, as appears by the verdict, occasioned an erroneous conclusion by the jury and one in conflict with the law as construed by the learned

court.   As the error was not corrected by granting a new trial, we must reverse the judgment.

What has been said disposes of the only question raised by the assignments of error.   It is not to be construed, however, as holding that the learned trial judge was right in the measure of damages submitted to the jury.   That question is not before us and we do not decide it.   The original narr as first amended declared for the penalty for the cutting and conversion of timber under the act of March 29, 1824.   The amended narr of April 16, 1901, avers that the defendant "did injure, damage and destroy certain other hemlock timber trees upon the land of the plaintiff . . . . whereby the bark upon the said hemlock timber trees was injured and destroyed." .  The plea was not guilty.   On the retrial of the case the learned judge should consider the pleadings as well as the evidence in determining the right of the plaintiff to recover and the proper measure of damages.

The judgment of the court below is reversed and a venire facias de novo is awarded.